**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Omar Peralta, on behalf of himself and other similarly situated, Plaintiffs
v.
La Dulce Bakery Inc., and Edwin Flores, individually, Defendants

## COMPLAINT

NOW COMES the Plaintiff Omar Peralta ("Omar"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act ("FLSA"); and 820 ILCS § 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Law ("IMWL"), complains against Defendants La Dulce Bakery, Inc., ("La Dulce") and Edwin Flores ("Flores") and in support, states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay Omar and other similarly situated employees at least Illinois mandated minimum wages for all hours worked in a workweek and overtime wages for hours worked in excess of forty (40) hours in a week.

2. Defendants' unlawful compensation practices have, and have had, the effect of denying Omar and other similarly situated Plaintiffs their earned and living wages.

3. Omar's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).

5. This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

7. Omar resides and is domiciled in Cook County, Illinois, which is in this judicial district.

8. During the course of his employment, Omar handled goods that moved or that were intended to move in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, the IMWL, 820 ILCS 105/1 *et seq.*, and the IWPCA, 820 ILCS 115/1 *et seq.*

### Defendants

9. Defendant La Dulce is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Based on information and belief, Defendant La Dulce has annual gross sales of $500,000.00 or more.

11. Defendant La Dulce was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

12. Defendant Flores is the owner of La Dulce and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

13. Defendant Flores was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, and 820 ILCS § 105/3.

14. Upon information and belief, Defendant Flores resides and is domiciled in this judicial district.

15. Upon information and belief, Defendants did not record and preserve employee records in accordance with 29 C.F.R. Part 516.

16. Upon information and belief, a notice of employee rights under the FLSA, with content prescribed by the Wage and Hour Division of the United States Department of Labor, was not posted in a conspicuous area of the workplace as required by the FLSA.

## FACTS

17. Omar worked for Defendant La Dulce since on or about June 5, 2012 until approximately August 7, 2014.

18. Omar worked as a dishwasher and baker whose job functions included, but were not limited to, washing dishes and preparing breads.

19. During the course of his employment, Omar's work activities engaged him individually in commerce.

20. During the course of his employment, Omar handled goods that move in interstate commerce.

21. Defendants set Omar's work schedule as six (6) days a week, approximately Tuesdays through Sundays from 10:00a to 10:00pm, with a thirty (30) minute break.

22. Omar was paid in cash.

23. For approximately the first three (3) to four (4) months of his employment, Omar was paid $250.00 per week.

24. For approximately the first three (3) to four (4) months of his employment, Omar's hourly rate was approximately $3.63, far below the Illinois mandated minimum wage of $8.25 per hour.

25. After the first three (3) to four (4) months of his employment, Omar was paid $350.00 per week.

26. Therefore, Omar's hourly rate was $5.07, far below the Illinois mandated minimum wage of $8.25 per hour.

27. Omar did not receive overtime wages at time and a half his regular hourly rate despite working more than forty (40) hours per week.

28. Omar was paid his regular hourly rate for all time worked in excess of forty (40) hours in a workweek.

29. Omar was not, and at all relevant times has not been, exempt from the overtime provisions of the FLSA and IMWL.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

30. Omar re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

31. Omar and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

32. Defendants did not compensate Omar or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

33. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

34. Omar and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Omar and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Omar and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### COUNT II: VIOLATION OF THE FLSA
**Minimum Wages**

35. Omar re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

36. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees, unless those employees are exempt.

37. Omar is not exempt from the minimum wage provisions of the FLSA.

38. Defendants did not pay Omar or the class members at least the minimum wage for the hours that they worked, as described in paragraphs 23-26, *supra*.

39. Defendants' failure to pay the legally mandated minimum wages to Omar and class members violated the FLSA.

40. Defendants failed to comply with the predicate requirements under the FLSA by failing to inform Omar and the class members of their right to receive the minimum wage.

41. Defendants' failure to comply with the terms of the minimum wage disclosure requirements and Defendants' failure to pay minimum wage to Omar and the class members was a willful violation of the FLSA.

42. Defendants violated the FLSA by refusing to compensate Omar and the members of the class consistent with the minimum wages provisions of the FLSA.

43. Omar and other similarly situated employees are entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay at least the federal minimum wage was a willful violation of the FLSA.

WHEREFORE, Omar and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. A judgment in the amount of the difference between the Illinois-mandated minimum wage rate and the hourly wage paid to Plaintiff and similarly situated employees of Defendant;

C. Award liquidated damages in an amount equal to unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT III: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Overtime Wages

44. Omar re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

45. This Count arises from Defendants' failure to pay Omar overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

46. Defendants directed Omar to work, and Omar did work, in excess of forty (40) hours in individual work weeks.

47. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

48. Omar was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

49. Defendants did not pay Omar overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

50. Defendant's violated the IMWL by failing to pay Omar, overtime wages for all hours worked in individual work weeks.

51. Pursuant to 820 ILCS 105/12(a), Omar is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Omar respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Omar as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IV: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Minimum Wages

52. Omar re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

53. This count arises from Defendants' violation of the IMWL, by failing to pay Plaintiffs, the Illinois-mandated minimum wages for all hours worked in individual work weeks, as described in paragraphs 23-26, *supra*.

54. Plaintiffs were directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

55. Plaintiffs were entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

56. Defendant did not pay Plaintiffs the Illinois-mandated minimum wage for all hours worked in individual work weeks.

57. Defendant's failure to pay Plaintiffs the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

58. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the IMWL;

B.  Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Enjoin Defendants from violating the IMWL;

E.  Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
CONSUMER LAW GROUP, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com